(No. 32204.—

OLLIE F. LE SOURD *et al.,* Appellees, *vs.* NANCY B. LEINWEBER *et al.,* Appellants.

*Opinion filed March 20, 1952—Rehearing denied May 19, 1952.*

TRAPP & TRAPP, of Lincoln, for appellants.

KENNETH H. LEMMER, and RICHARD W. VELDE, both of Havana, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellees filed a complaint in the circuit court of Mason County seeking partition of certain real estate owned by William M. Miller in his lifetime. The parties are the devisees under the will of said William M. Miller, deceased. The cause was heard on its merits and partition decreed as prayed in the complaint. Appellants have invoked the jurisdiction of this court on the ground that a freehold is involved.

William M. Miller died testate March 16, 1897. He left surviving him Nancy J. Miller, his widow, Cynthia B. Taylor and Hannah A. Kehl, his daughters, and Nancy Belle Walton, his granddaughter, as his only descendants.

At the time of his death he owned the 107½-acre tract of land described in the complaint for partition. His widow, Nancy J. Miller, died November 8, 1914, intestate, leaving her surviving the same descendants as had her husband, William M. Miller. The testator's daughter, Cynthia B. Taylor, died intestate February 19, 1924, leaving no children her surviving but leaving Travis D. Taylor, her husband, her sister Hannah A. Kehl, and her niece, Nancy Belle Walton, who had intermarried with one William Leinweber, as her sole heirs-at-law. On April 2, 1935, the surviving husband of Cynthia B. Taylor died leaving a will devising his property to his second wife, Anna Taylor, for life, with the remainder to Vera B. Langley. Anna Taylor died October 17, 1949. Hannah A. Kehl, the other daughter of the testator, died testate June 4, 1946, without ever having had any children and without being survived by her husband. By her will she devised her property to Ollie F. Le Sourd. Vera B. Langley and Ollie F. Le Sourd were plaintiffs in the trial court, while Nancy Belle Leinweber, formerly Nancy Belle Walton, and Emerson Leinweber were the defendants.

On March 29, 1888, William M. Miller executed his last will and testament which, together with a codicil dated December 7, 1891, was admitted to probate on March 24, 1897. Under the fifth paragraph of his will the testator devised the real estate therein described to his daughter Hannah A. Kehl, for and during her natural life and to her children in fee simple absolute. The will then provided, "If my said daughter Should die leaving no child or children or descendants of child or children, surviving her, Then at her death I give devise and bequeath unto the husband of my said daughter, (if she she should leave a husband surviving her) all the said real estate for and during her Natural life, with remainder to my heirs in fee Simple Absolute and if my said daughter should die leaving No child or children or descendants of child or children

and no Husband Then Then the said real estate shall desend to my heirs in fee Simple absolute." The question presented for construction is whether or not this provision in the fifth paragraph of the will was intended to mean heirs of the testator as determined at the date of the death of the life tenant, Hannah A. Kehl, or heirs determined as of the date of death of the testator, William M. Miller. The trial court found that the words "my heirs," as used in the will, denote the persons who answered that description at the time of the death of the testator. The persons answering that description, in the instant case, were Cynthia B. Taylor and Hannah A. Kehl, daughters of the testator, William M. Miller, and Nancy Belle Walton, now known as Nancy B. Leinweber, his granddaughter, all of whom survived him at the date of his death on March 16, 1897.

The appellees, plaintiffs in the court below, claim title through the two deceased daughters of the testator. Vera B. Langley is the remainderman named in the will of Travis D. Taylor, who was the surviving husband of Cynthia B. Taylor. Ollie F. Le Sourd is the sole devisee under the last will of Hannah A. Kehl. The complaint asserts that the defendant Nancy B. Leinweber acquired her interest as one of the heirs-at-law of the testator at the time of his death, and as the niece of Cynthia B. Taylor, deceased. The chancellor found in favor of plaintiffs and decreed the interests of the respective parties as an undivided five-twelfths to the plaintiff Ollie F. Le Sourd; an undivided two-twelfths to the plaintiff Vera B. Langley; and an undivided five-twelfths to the defendant Nancy B. Leinweber. It is the contention of Nancy B. Leinweber that the term "my heirs," as used in the will, denotes the persons who answered that description at the date of the death of the life tenant, Hannah A. Kehl. Appellant Nancy B. Leinweber is the granddaughter of the testator and was the only person living on June 4, 1946, the date of the death of the life tenant, who would answer that descrip-

tion. Under her construction of the will said appellant would inherit the whole fee-simple title rather than the five-twelfths interest fixed in the partition decree.

The purpose of construing a will is to ascertain the intention of the testator and to give effect to that intention. (*Hartwick* v. *Heberling,* 364 Ill. 523.) In the case of *Smith* v. *Shepard,* 370 Ill. 491, we announced that the intention of a testator manifested in his will is determined in two ways. One way is by ascertaining his actual meaning from the words employed in his will, to which all rules of construction give way, and the other, by finding his presumed intention, gathered by the application of rules of construction applicable to all cases where the meaning is obscure, doubtful or uncertain. (*Freudenstein* v. *Braden,* 397 Ill. 29.) The intent which controls is that which is manifest, either expressly or by necessary implication, from the language of the will itself. The whole will and all of its parts must be considered in order to ascertain that intention. (*Martin* v. *Casner,* 383 Ill. 260.) And, where the language of the will is clear, the court will not consider surrounding circumstances for the purpose of varying an intention clearly expressed in the will. The question always is, what is the meaning of the words employed by the testator in his will? And if the intention of the testator manifested in the form prescribed by law is clear, the court will uphold it, even though a different result would be reached by rules of construction applying to specific provisions of the will. *Cahill* v. *Michael,* 381 Ill. 395.

The fifth paragraph of the will devised a life estate to the testator's daughter and the fee to her children. If she died without leaving any descendants a life estate was devised to her husband with the remainder in fee to the heirs of the testator. If the daughter died without leaving descendants or a husband surviving, it was provided that the fee title to the real estate should "desend" to the testator's heirs. The question presented is whether the testator in-

tended to refer to heirs as determined at the date of his own death, or as at the death of his daughter, the life tenant. Ordinarily, the word "heirs" is used to designate those persons who answer this description at the death of the testator. The word "heirs," in its technical sense, applies to those persons appointed by the law to inherit an estate in case of intestacy. (*Lee* v. *Roberson,* 297 Ill. 321.) Being a technical word of fixed legal meaning, the word "heirs" will be given its legal effect when used in a will, even though the testator uses inconsistent words, unless such inconsistent words are of such nature as to make it clear that the word "heirs" was not used in its proper legal sense. (*Richardson* v. *Roney,* 382 Ill. 528.) A devise of a future interest to the testator's "heirs" is construed as a devise to such persons as are his heirs at the time of his death, unless the intention of the testator to refer to those who would have been his heirs had he died at a subsequent time is clearly manifest by the language used in the will. This construction is not changed by the fact that a life estate may precede the devise to the testator's heirs. Neither does it make any difference whether the heirs were living or dead when the period of distribution arrived, nor that the life tenant might be the sole heir of the testator. *Hull* v. *Adams,* 399 Ill. 347; *Himmel* v. *Himmel,* 294 Ill. 557.

We have given careful consideration to the language employed by the testator in his will, keeping in mind the applicable principles of testamentary construction herein announced, and are unable to discover any manifestation of intention on his part to designate those persons who would have been his heirs had his death occurred after that of his daughter, the life tenant, as the persons who would take the real estate in question. In the absence of such an intention clearly manifested by the language used in the will, this court must give to the words "my heirs" their legal effect according to their fixed legal meaning.

The decree of the circuit court of Mason County correctly construed the will of the testator, William M. Miller, and properly declared the interests of the respective owners of the premises described in the fifth paragraph of his will. The decree is accordingly affirmed.

*Decree affirmed.*