William J. Hoog, Plaintiff-Appellant, v. Litchfield Bank and Trust Company, as Executor of Last Will and Testament of Marian Charlotte Austin, Deceased, Edward Hoog, Lucille Hoog and First Christian Church, Tucson, Pima County, Arizona, Defendants-Appellees.

Gen. No. 9,867.

Opinion filed March 3, 1953.
Released for publication March 19, 1953.

J. Bert McWilliams, and H. B. Tunnell, both of Litchfield, for appellant.

Josiah T. Bullington, of Hillsboro, for certain appellee, Kinder & Dey, of Litchfield, for certain other appellee, and Bradburn, Dammann & Boucek, of Chicago, for certain other appellee.

Mr. Presiding Justice Wheat delivered the opinion of the court.

Plaintiff-appellant William J. Hoog filed his complaint to construe the will of Marian Charlotte Austin, deceased, to the end that he be declared a natural heir of Arthur Hoog, deceased. The decree found adversely as to his contention and the suit was dismissed for want of equity. This appeal follows.

In his complaint, William J. Hoog charged that the testator, Marian Charlotte Austin, died March 14, 1951; that her last will and codicils were admitted to probate April 11, 1951; that the will was executed April 23, 1945, a codicil executed on August 6, 1946, and a second codicil executed March 8, 1951. The sixth clause of the will provided as follows:

"Sixth: I give and bequeath unto my cousin, Arthur Hoog, of Litchfield, Illinois, or to his natural heirs living at the time of my death, should he predecease me, the sum of Fifteen Thousand Dollars ($15,-000.00)";

that said Arthur Hoog died December 4, 1948, leaving him surviving Lucille Hoog, his widow, Edward Hoog, his son, and the plaintiff, William J. Hoog, his adopted son; that plaintiff was legally adopted by Arthur Hoog and Lucille Hoog on June 26, 1923; that from such date the testator, Arthur and Lucille Hoog, Edward Hoog, and the plaintiff were on intimate and friendly terms with each other; that Arthur Hoog and the testator were cousins; that since such adoption the testator was aware of the same, and was aware that Edward Hoog was the only living issue of Arthur Hoog, and

also knew that Arthur and Lucille Hoog were past and over the age of having children born to them at the time she executed her will. Plaintiff further alleged that he and Edward Hoog were entitled to the bequest in said Clause Six and prayed for such construction of the will, or in the alternative that he, Lucille Hoog, and Edward Hoog be declared the beneficiaries in equal shares. Answers were filed by Lucille Hoog, Litchfield Bank and Trust Company as executor, and Edward Hoog, opposing the construction of the will as sought by plaintiff.

The pertinent facts are not in dispute, other than the personal feelings and attitudes of the parties since the adoption. It is unnecessary to discuss these as testatrix is presumed to have made her will in the light of the clearly expressed views of the courts, but if such were pertinent, the conclusion would not enhance the status of plaintiff. Plaintiff contends that the testatrix intended to include him as a beneficiary by her use of the plural word "heirs," as she knew that Arthur Hoog had but one child, Edward Hoog, and knew that Arthur Hoog's wife, Lucille, was fifty-seven years of age and for such reason was incapable of having other children. It is sufficient answer to state that there is no such presumption, and further, that Edward might have predeceased the testatrix leaving several children.

In *Tea v. Millen,* 257 Ill. 624, a will was considered, a portion of which read as follows: "After her demise, it is my wish that my real and personal property be divided between my children or their natural heirs as follows, to-wit." The court, in considering the words "natural heirs" stated: "It is presumed that every word qualifying another word is intended by the testator to have some meaning, and its natural meaning is to be given to it unless the context requires a different meaning. If the qualifying

word 'natural' is to be given any effect whatever, it limits to some extent the class of persons upon whom the law would cast the estate as heirs. The word 'natural' means produced in the course of nature, and when used to qualify the word 'heirs' we think it means such heirs as are born to a person in the course of nature as distinguished from collaterals, who are heirs by virtue of legislative provisions. . . ." An adopted child is an heir by virtue of legislative provisions and accordingly not included within the meaning of the words "natural heirs."

 Plaintiff has cited the case of *Potter v. Potter,* 306 Ill. 37, as authority for his position. This case is not helpful as the question there presented was as to whether or not a widow of a deceased child of a testator would inherit as an heir, wherein the will provided that in a certain event the property was to be equally divided between the living children or to their living heirs. Any language in this opinion which might appear to have any reference to a situation such as this involving an adopted child was mere *dictum* and in nowise is in conflict with the case of *Tea v. Millen,* 257 Ill. 624, heretofore referred to. In a later case, that of *Smith v. Thomas,* 317 Ill. 150, the court held that the word "heirs" did not include the adopted child of the son of the testator. It is the opinion of the court that plaintiff was not a beneficiary under the will of testatrix.

 It is next contended that it was error for the court to construe the will in question and to then dismiss the complaint for want of equity. The case of *Ward v. Caverly,* 276 Ill. 416, is cited, as is *Guerin v. Guerin,* 270 Ill. 239, and others, but the conclusion of the court in each case was that where a testator has expressed his intention so ambiguously as to necessitate an action for construction, the cost of litigation should be borne by the estate. In the instant case, there

was no ambiguity in the will as the words "natural heirs" have a fixed and definite legal meaning. The suit was brought in an attempt by plaintiff to share in the estate of the testatrix. In dismissing the complaint for want of equity the chancellor merely stated that plaintiff was not a natural heir as ground for dismissal and did not necessarily construe the will. (See *Boldenweck v. City Nat. Bank & Trust Co.*, 343 Ill. App. 569; *Power v. Power*, 296 Ill. 611; *Bartlett v. Mutual Ben. Life Ins. Co.*, 358 Ill. 452.)

The judgment of the circuit court is affirmed.

*Affirmed.*

MR. JUSTICE CARROLL took no part in the consideration or decision of this case.