(No. 34356.—

RITA L. STEWART, Appellant, *vs.* GUY CLIFFORD LAFFERTY *et al.*, Appellees.

*Opinion filed September 20, 1957—Rehearing denied Nov. 19, 1957.*

JOHN C. SEATON, of Seaton, and GENE McWHORTER, of Aledo, for appellant.

ALLEN & ALLEN, of Aledo, for appellees.

Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:

This is an appeal by plaintiff from the decree of the circuit court of Mercer County, construing the will of James H. Lafferty, who died June 14, 1921, seized of certain real estate in Mercer County, and survived by his widow and four children, James Raymond Lafferty, Martha R. Lafferty, Guy Clifford Lafferty, and Frank Steele Lafferty. The case was heard below on a stipulation of facts, and there is no dispute as to either the facts or any procedural aspect of the case.

The will was executed in 1914 and admitted to probate in 1921. By this instrument, the testator devised the real estate, title to which is now in dispute, to his wife for life, and after her death to his son James Raymond Lafferty, "if he shall survive her, for and during the term of his natural life only." The testator then provided:

"If my said son, James Raymond Lafferty, die after the death of my wife, leaving children or descendants of children of him surviving, it is my will that the real estate mentioned in this clause shall go and descend to such children or such descendants of children per stirpes. If said James Raymond Lafferty die after the death of my said wife, leaving no children or descendants of children him surviving, then it is my will that all of said real estate mentioned in this clause shall go to and vest in his brothers and sister forever in fee simple, and in case any of his said brothers or sister shall be dead at that time, leaving descendants, then the share of such deceased brother or sister shall go to and vest in the descendants of such deceased brother or sister, per stirpes."

The widow of the testator died on May 20, 1922; Frank Steele Lafferty died on July 8, 1929, without issue, leaving him surviving his widow and the plaintiff, Rita L. Stewart, a child who was taken into the Lafferty home in 1917 and legally adopted by them in October, 1927; Martha G. Lafferty died on July 7, 1938, leaving as her issue Martha Louise Hamler, defendant herein; and James Raymond Lafferty died on February 18, 1956, without ever having

had any child or children. The defendant, Guy Clifford Lafferty, is the only child of the testator now living.

The sole question presented by this case is the plaintiff's claim to an undivided one-third of the real estate involved. Plaintiff contends that by virtue of her adoption in 1927, she takes under the will as a "descendant" of Frank Steele Lafferty, or in the alternative, that the remainder interest of Frank Steele Lafferty passes to her by intestacy as his sole heir.

Defendants urge that the plaintiff cannot be considered a "descendant" because of the language of the will and the state of our legislative enactments and judicial decisions at the time of testator's death.

No question is raised as to the ordinary definition of the word "descendants." It means one who descends or issues from an individual, including his children, grand-children, and their children to the remotest degree. (Webster's New International Dictionary, 2d ed., p. 706; 1 Bouvier's Law Dictionary, 8th ed., p. 852; *Bates* v. *Gillett,* 132 Ill. 287.) The word "descendant" is co-extensive and synonymous with issue, (*Wyeth* v. *Crane,* 342 Ill. 545; Carey and Schuyler, Law of Future Interests in Illinois, p. 219,) and an adopted child does not come within the ordinary meaning of the word "issue" or "descendant." (*Hale* v. *Hale,* 237 Ill. App. 410; Carey and Schuyler, Law of Future Interests in Illinois, p. 228.) It is almost universally held that when provision is made in a will for children of some person other than the testator, an adopted child is presumed not to be included unless there is language in the will, or there are circumstances surrounding the testator at the time he made the will, which make it clear that the adopted child was intended to be included. (*Smith* v. *Thomas,* 317 Ill. 150; *Munie* v. *Gruenewold,* 289 Ill. 468; 70 A.L.R. 621.) However, the intent of the testator, when legally ascertained, governs as to whether

an adopted child is included within the terms "children, issue or descendant." (*Belfield* v. *Findlay*, 389 Ill. 526; *Munie* v. *Gruenewold*, 289 Ill. 468.) In the case at bar, the will was executed three years before the birth of the adopted child, plaintiff herein, the adoption took place six years after the death of the testator, and neither the surrounding circumstances, nor other language of the will indicated that the testator intended a broader or special meaning for the word "descendant."

In the construction of a will, the testator is presumed to have known the law and made his will accordingly. (*Belfield* v. *Findlay*, 389 Ill. 526; *Walker* v. *Walker*, 283 Ill. 11.) The complexion of the law, at the time the will was made in 1914, is therefore of assistance in ascertaining the intention of the testator. (*Belfield* v. *Findlay*, 389 Ill. 526, 529.) At the time of the execution and probate of this will, the applicable statute provided that an adopted child might inherit from his adoptive parents, but not from the adoptive parent's lineal or collateral kindred, nor could the child take property limited to the body of an adoptive parent. (Ill. Rev. Stat. 1921, chap. 4, par. 5.) Our statute made the legal status of an adopted child distinct from that of issue or descendants. Thus in both ordinary usage and the statute, as well as in judicial decisions, an adopted child was not recognized as a descendant. It follows that plaintiff was not a "descendant" within the meaning of the will. *Belfield* v. *Findlay*, 389 Ill. 526; *Hale* v. *Hale*, 237 Ill. App. 410; 70 A.L.R. 621.

We next consider the plaintiff's alternative contention that she may take a share of the testator's estate as the heir of her adoptive father. Plaintiff urges that her adoptive father, a surviving son of decedent, took either a contingent or a vested remainder interest under the will which descended to her. We must test the validity of this argument and construe the pertinent provisions of the will in the perspective of the testator's expressed intent. He first devised

a life estate to his widow, and then to his son James, with a remainder in James's descendants. If this devise should fail because of James's lack of issue, the testator, mindful of his remaining children, provided that, *"then* it is my will that all of said real estate mentioned in this clause shall go to and vest in his [James's] brothers and sister forever in fee simple, and in case any of his said brothers or sister shall be dead *at that time,* leaving descendants, then the share of such deceased brother or sister shall go to and vest in the descendants of such deceased brother or sister, per stirpes." (Italics ours.) The estate of James's brothers and sister or their descendants, was specifically conditioned upon his death without issue, and could not vest in interest or possession until the happening of such event. The remainder in the descendants of James could not vest at the death of the testator for there was no issue of James in *esse.* We have held that such a devise creates alternative contingent remainders. In *Farmer* v. *Reed,* 335 Ill. 156, 161, a conveyance created an immediate life estate in the grantor; a vested remainder for life in one Williams; a remainder in fee in his issue, contingent upon his death having had issue, and a remainder in fee, by way of gift over, contingent upon his death without issue. We there said at pages 161 and 162:

"It is possible by deed or will to limit upon the same particular estate two concurrent fees by way of contingent remainder, as substitutes or alternatives, one to take effect in the event the other shall fail, provided that both are determined by the same contingency. [Citations.] The last two of these four estates are precisely of this class of remainders. Both are determined by the same alternative contingency—the death of William O. Williams having had issue or not having had issue. As such they may be limited upon the same particular estate, which in this case is the life estate of William O. Williams."

This construction is not only in accord with the holdings

of this court, but also with leading authorities in this field. Restatement of Property, Future Interests, sec. 278; Carey and Schuyler, Future Interests in Illinois, secs. 305-307.

In the case at bar the language of the will indicated a clear intent to create a gift to a class only upon the condition of James dying without issue. The brothers and sister of James, or their descendants, were a natural class, subject to increase or decrease until the death of James without issue. They were not specifically named. A gift to a class has been defined as a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time and who are all to take in equal or some other proportion, the share of each being dependent for its amount upon the ultimate number of persons. (*Strohm* v. *McMullen*, 404 Ill. 453; *Levings* v. *Wood*, 339 Ill. 11; *Palmer* v. *Jones*, 299 Ill. 263; *Blackstone* v. *Althouse*, 278 Ill. 481; *Volunteers of America* v. *Peirce*, 267 Ill. 406; James, Illinois Probate Law and Practice, Vol. I, sec. 43.44, p. 475.) In view of the provisions of the will, we construe the gift to the brothers and sister of James, or their descendants, as an alternative contingent remainder to a class. This being so, and the plaintiff's adoptive father having died about twenty-seven years prior to the contingency, the death of James without issue, plaintiff can take nothing as heir of her adoptive father.

The case of *Burkholder* v. *Burkholder*, 412 Ill. 535, relied on by plaintiff, is not in point, since the language of the will, specifically naming the children, did not indicate an intention to create a class gift.

The recent amendments to the Probate and Adoption Acts, (Ill. Rev. Stat. 1955, chap. 3, par. 165, chap. 4, par. 11—2,) indicate a legislative policy contrary to the conclusion reached in this case. However, this present expression of policy is of no aid to this court in determining the intention of the testator as reflected in the will executed in 1914 and admitted to probate in 1921.

The decree of the trial court is accordingly affirmed.

*Decree affirmed.*