Eleanor Virginia Neissl, Plaintiff-Appellant, v. Joseph P. Hartman, et al., the Unborn Children or Descendants of Children of Joseph P. Hartman and Mary Margaret O'Hallaron and the St. Louis Union Trust Company and Joseph P. Hartman, Trustees Under the Will of Joseph B. Hartman, Deceased, Defendants-Appellees. Diana Sheehan, et al., and the Unborn Children or Descendants of Children of Eleanor Virginia Neissl, Defendants-Appellants.

Gen. No. 63–O–3.

Fourth District.

November 25, 1963.

Rehearing denied December 30, 1963.

Murray & Stephens, of Centralia, for appellants.

John F. O'Connell and Walker & Williams, of East St. Louis, for appellees.

CULBERTSON, P. J.

This is an appeal from a decree of the Circuit Court of St. Clair County, construing a certain portion of a

will. The will provided in part that the testator's children are given the power to appoint a portion of the trust created by the will, to their "own child or children, or descendants of child or children." The Court below entered a decree construing the words "child or children" as used in the paragraph of the will under consideration, to be limited to natural children, excluding adopted children. This appeal is taken from that decree. It is contended on appeal in this Court that the words "child or children" when read in context with the entire will and in view of the law of Illinois at the time of the execution of the will, were used by the testator to include adopted children and their descendants, and that that construction should have been applied by the Trial Judge.

The decedent, Joseph B. Hartman, died on November 4, 1939, leaving surviving his widow and four children (including plaintiff). His will was admitted to probate on November 9, 1939, and had been executed on October 7, 1939. All four of his children were married at the time of his death. Plaintiff, who was married on September 11, 1939, less than a month before the execution of the will, had a stepdaughter whom she later adopted, living in her home. There was no evidence in the record to show that the decedent had any knowledge that plaintiff had a stepchild or that she contemplated adopting the stepchild.

The will of decedent gave the home and household effects to his widow, and placed the balance of his estate in trust to be held, first, for the use of the widow, and after her death, for his children and descendants of any deceased child unless the deceased child should have by appointment, otherwise directed. One paragraph specifically provides that after the death of the widow of decedent, the trustees were to hold the trust estate in equal shares for the benefit of testator's children, with a proviso that the share of

any of testator's children who may then be deceased or which thereafter died shall "unless said deceased child shall have by appointment . . . otherwise directed, go to his or her living descendants." Another paragraph further provides that the testator directs that his four children shall have power by deed, will, or codicil, to appoint or designate which of their "child or children, or descendants of child or children," shall be entitled to their interest in the trust.

It is pointed out that this is a case which could not arise in any will written since 1945 for the reason that the Legislature had since provided (1959 Ill Rev Stats, c 4, § 11–2), that henceforth in determining the meaning of a written instrument an adopted child should be deemed a natural child unless the contrary intent plainly appears in the instrument. The question before the Trial Court was what the testator meant by use of the word "child" when he gave his own children the power of appointment with respect to the share of the trust established by his will.

The defendants-appellees had also contended that the Court of Equity could not assume jurisdiction to construe a will which was unambiguous, on the basis that the language was so clear in the present will as to be unambiguous.

At the time the will under consideration was executed, the law of this State prohibited an adopted child from taking property from either lineal or collateral kindred of the adopting parent per stirpes, or property expressly limited to the body of the adopting parent (1939 Ill Rev Stats, c 3, § 165; c 4, § 5). The Supreme Court of this State has indicated that unless there is a manifest intention to the contrary, the presumption will be applied that the testator intended his property should go in accordance with the law of descent and distribution (Dahmer v. Wensler, 350 Ill 23, 182 NE 799; Dell v. Herman, 365 Ill 261, 6 NE2d 159).

On appeal in this Court the plaintiff cites the case of Munie v. Gruenewald, 289 Ill 468, 124 NE 605. In that case the testator knew of the adopted child long before the will was executed and always treated the adopted child in the same manner as he treated his own grandchildren. The Court in that case emphasized the fact that the child was adopted seven years before the testator made his will and ten years before his death, and there was a clearly expressed conduct towards this child during the lifetime of the testator to show that it was his intention to include her in the word "child" under the will. The Court in that case, at page 474, underscores the distinction when it says that in cases where other Courts have held that the word "children" did not include an adopted child, the basic reason for such conclusion was that the testator could not have intended the adopted child to be so included either because the child was adopted after the testator's death or after the making of the will.

It is apparent under the record that the testator could not have had an adopted child in contemplation when the will was executed since there was no adopted child at such time. So far as the record shows, apparently the testator did not even know of the child who was living with the daughter. Considering the will as a whole in the light of the applicable law at the time of its execution and at the time of the death of the testator, we must conclude that the construction of the Circuit Court that the intention of the testator when referring to "children" did not include the adopted child was proper. The decree of the Circuit Court of St. Clair County will, therefore, be affirmed and this cause will be remanded to such Court for further proceedings relating thereto.

Affirmed, and remanded.

SCHEINEMAN and HOFFMAN, JJ., concur.