CELIA C. BROWN *et al.*, Plaintiffs-Appellees, *v.* HOWARD B. LEADLEY, Defendant-Appellant.

Third District   No. 79-240

Opinion filed February 28, 1980.

Stuart P. Borden, of Liggett, Borden & Borden, of Wyoming, for appellant.

Edward Eagle, of Eagle & Eagle, of Rock Island, and Andrews & Andrews, of Kewanee, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Celia C. Brown and Harry R. Brown filed suit against defendant Howard B. Leadley for the partition of a 160-acre farm. In plaintiffs' amended complaint they requested that certain jointly owned real estate be divided among the parties or sold, with Celia Brown and Harry R. Brown each to receive a 25/72 share and Howard B. Leadley to receive a 22/72 share.

Plaintiffs alleged that their interests in the farm originated with Joseph W. Brown who owned the disputed premises at the time of his death in 1948. In his will, which he executed in 1932, Joseph Brown disposed of his real estate in the following manner:

"Third—I give, devise and bequeath unto my wife, Harriet J. Brown, the use, rents, profits and control of all real estate which I may own at the time of my decease, for her sole benifit [sic] during the period of her natural life, and at her death all of said real estate shall go to my children, to wit: Ada Shaad, Harry C. Brown, Lena L. Leadley, and Celia C. Brown, in equal shares."

Ada Shaad predeceased her father in 1940, leaving no descendants, so plaintiffs allege, the devise to her lapsed, and at Joseph Brown's death, Ada's one-fourth share passed by the laws of intestate succession to decedent's widow, Harriet J. Brown (one-third), and decedent's three surviving children (two-thirds). In addition, the three surviving children each received their own one-fourth interest.

In 1968 Lena Leadley died testate, leaving all her property to her husband, defendant Howard B. Leadley. Harry C. Brown died intestate in 1971, leaving as heirs his wife Bernice and his son Harry R. Brown. Bernice Brown later conveyed her interest in the Brown farm to her son Harry R. Brown, plaintiff herein. Finally, in 1978 Harriet J. Brown, the widow of Joseph Brown, died, and in her will she devised her interest in the farm to her daughter Celia C. Brown and her grandson Harry R. Brown, in equal shares.

Defendant's answer and counterclaim asserted that Ada Shaad's one-fourth share of the farm did not lapse when she predeceased her father, that the father's intention was to make a class gift to his children, and that his three surviving children each received a one-third remainder interest

and his widow received a life estate. Under this theory, plaintiff Harry R. Brown now owns the undivided one-third interest in the farm originally devised to Harry C. Brown; plaintiff Celia C. Brown owns her undivided one-third; and defendant Howard B. Leadley owns the undivided-one-third formerly belonging to Lena L. Leadley.

Plaintiffs filed a motion to strike the counterclaim and those portions of the answer which deny that Ada Shaad's share passed as an intestate estate. The trial court granted plaintiffs' motion to strike ruling that Ada Shaad's one-fourth interest under Joseph Brown's will passed as intestate property in accordance with the "anti-lapse" statute contained in section 49 of the Probate Act (Ill. Rev. Stat. 1947, ch. 3, par. 200) in effect at the time of Joseph Brown's death in 1948. Defendant appeals.

Defendant first contends the trial court erred in ruling that the anti-lapse statute applied, allowing a one-fourth share of the realty to pass by the laws of intestacy, because that ruling failed to give effect to the well-established Illinois presumption against intestate disposition of a testator's property. The anti-lapse statute provided:

> "When a devise or legacy is to a descendant of the testator who dies before the testator and there is no provision in the will for that contingency, the descendants of the devisee or legatee take per stirpes the estate so devised or bequeathed and if there is no descendant of the devisee or legatee, living at the time of the death of the testator, the estate so devised or bequeathed descends and shall be distributed as intestate estate." Ill. Rev. Stat. 1947, ch. 3, par. 200.

Defendant relies upon the decision in *Schroeder v. Benz* (1956), 9 Ill. 2d 589, 138 N.E.2d 496, where the Illinois Supreme Court invoked the presumption against intestacy to hold that, when one of the residuary legatees predeceased the testator, the lapsed share passed as a part of the residuary estate. The court also took into account the legislative policy reflected in a 1955 amendment to the Probate Act providing that, where a residuary gift lapses and no provision is made in the will for that contingency, that property passes to the remaining residuary beneficiaries in proportion to their respective interests in the residue. See Ill. Rev. Stat. 1955, ch. 3, par. 200.

■■ Unlike *Schroeder v. Benz*, in the case before us Joseph Brown's will purported to devise all of the testator's real estate. Such a provision is not a residuary gift. (*In re Estate of Marti* (1941), 311 Ill. App. 237, 35 N.E.2d 696.) Also the case at bar involves a descendant of the testator who predeceased the testator while in *Schroeder* the deceased legatee was unrelated to the testator. We conclude that *Schroeder* does not control here.

■■ When construing wills, the law at the time of the execution of the will governs in determining the intention of the testator, while the operative effect of the will and the rights of the parties thereunder are governed by the law in force when the rights of the parties accrue, which normally is the time of the testator's death. (*Carpenter v. Browning* (1881), 98 Ill. 282, 285; 36 Ill. L. & Prac. *Wills* §202 (1958); *cf. Irish v. Profitt* (1975), 28 Ill. App. 3d 607, 330 N.E.2d 861.) Here, the law remained virtually unchanged from the day in 1932 when Joseph Brown executed his will until the date of his death in 1948. At all relevant times the statute provided that, when a devise or legacy is made to a descendant of the testator who dies before the testator and the will makes no provision for that contingency and no descendant of the deceased descendant is living at the time of the testator's death, then the estate so devised or bequeathed shall be distributed as intestate property.

■■ The facts in the case at bar fall squarely within the terms of the statute. Testator Joseph Brown devised one-fourth of his realty to his daughter Ada who predeceased him. The will did not provide for such a contingency, and Ada left no descendants. Hence, her one-fourth share of the farm descended by the laws of intestacy, one-third to the testator's widow and two-thirds to the testator's surviving descendants. (See, *e.g.*, *Tea v. Millen* (1913), 257 Ill. 624, 101 N.E. 209.) The presumption against intestacy urged by defendant cannot apply where the applicable statute is to the contrary.

Defendant's second contention is that the court erred in refusing to hear evidence as to a latent ambiguity in Joseph Brown's will concerning whether the testator intended to give his real estate to his children as a class. If the testator had made a class gift, Ada's share would have gone solely to other members of the class with none to her mother. The ambiguity is said to arise, not from any ambiguous language in the will itself, but from the fact of Ada Shaad's death in 1940.

Illinois cases seem clear that a gift to persons named is a gift to them individually and not a class gift unless reasons are found in the will for deciding that the testator's intent would best be served by disregarding the rule. (*Peadro v. Peadro* (1948), 400 Ill. 482, 81 N.E.2d 192.) As an example where the rule was disregarded, in *Strauss v. Strauss* (1936), 363 Ill. 442, 2 N.E.2d 724, the testator stated in the second clause of the will that the income from a $75,000 trust fund was all he intended to give to his son Albert. In subsequent clauses he made ample provisions for his wife and other children, and several times expressly excluded Albert. One child preceded the testator in death, and Albert claimed that the lapsed residuary legacy passed by the laws of intestacy. Although the residuary clause listed the children by name, the supreme court ruled that the gift

would be treated as a class gift in order to carry out the clearly expressed intent of the testator to limit Albert's interest in his father's estate. Unlike the will in *Strauss*, Joseph Brown's will does not clearly express an intent to prevent his widow from inheriting a fee interest in the farm under any circumstance. By giving her the income for life, he indicated a desire to provide adequately for her support, and we decline to read any more into the will than that.

We see no basis for finding a latent ambiguity. In *Young v. Whisler* (1960), 19 Ill. 2d 501, 504, 167 N.E.2d 191, the court said:

"It is readily apparent that the devise, 'to my children, Zella Lee Rath and Thelma Louise Yoeman,' falls within the rule that where legatees are named as individuals and also described as a class, and there is nothing more to show the testator's intention, the gift by name constitutes a gift to individuals, to which the class description is added by way of identification. [Citations.] Moreover, the natural meaning of the words 'my children' in the phrase is to identify the legatees and their relationship to the testator. The words are in no way inconsistent with the two names which follow."

We conclude that the trial court's ruling was correct, and accordingly, we affirm the judgment of the Circuit Court of Stark County.

Affirmed.

BARRY and SCOTT, JJ., concur.