*In re* ESTATE OF SAMUEL J. HUGHLETT, Deceased.—(Michael H. McCoy, Adm'r *de bonis non* with Will annexed of the Estate of Samuel J. Hughlett, Petitioner-Appellee, *v.* Dorothy Jane Mattison *et al.*, Respondents-Appellants.)

Second District   No. 82—393

Opinion filed March 8, 1983.

Peter D. McClanathan and Robert J. Schmelzle, both of Schmelzle, Kroeger, Eckert, Burt & McClanathan, of Freeport, for appellants.

Nack, Richardson & Kelly, of Galena, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Samuel J. Hughlett died on April 4, 1945, leaving a will that was executed on May 23, 1932. Samuel was survived by his wife, Dorothy W. Hughlett.

Under Samuel's will, Dorothy was to receive all the income from his estate during her life, with the right to use of the principal if necessary. Upon Dorothy's death, all remaining property was to pass to Samuel's surviving children. The will further provided that if no children survived Samuel, half of the property remaining after Dorothy's death was to pass to her "right heirs *** then living" and the other half was to pass to Samuel's "right heirs then living." Samuel left no children surviving.

After Dorothy's death on December 27, 1980, petitioners Michael H. McCoy and Mark W. McCoy, were appointed administrators *de bonis non* with the will annexed of Samuel's estate. Petitioners were nephews of Dorothy. However petitioners sought construction of the will and a determination of the identity of Samuel's "right heirs."

Samuel was the son of Thomas and Emma Hughlett. Thomas and Emma had four children other than Samuel, *i.e.*, Frank, Anna, Ethel and Alice. Frank predeceased Samuel. Emma, Ethel and Alice each died after Samuel but before Dorothy. Frank, Anna and Ethel left no children surviving. Alice left no natural children but was survived by an adopted daughter, Nancy B. Tyler. Nancy had been adopted in 1919. The testator and Nancy both lived in Galena.

The defendants contested Nancy's heirship, alleging that they were Samuel's "right heirs," as they are the sole surviving descendants of Samuel's grandparents. It is not necessary that we trace this genealogy. The trial court construed the term "heirs" in Samuel's will as referring to "family," of which Nancy was a part, concluded that Nancy was Samuel's sole heir and directed distribution of the contested portion of the estate to Nancy. The respondents appeal that determination.

In the interim between 1932, the date of the execution of the will and December 27, 1980, when the life tenant died, certain changes occurred in the law relating to inheritance rights of adopted persons. Though the parties seek to establish rights pursuant to will, reference to inheritance statutes would be appropriate, though not controlling,

in construing the term "heirs" in a will. *Stites v. Gray* (1954), 4 Ill. 2d 510, 123 N.E.2d 483; *Dillman v. Dillman* (1951), 409 Ill. 494, 100 N.E.2d 567.

At the time of the execution of the will the law provided that for purposes of inheritance an adopted child was considered to be the child of the adoptive parents, except that the adopted child could not take property from the lineal or collateral kindred of the adoptive parents by rights of representation or property expressly limited to the body of the adoptive parent. (Ill. Rev. Stat. 1931, ch. 4, par. 5.) The law in effect at the death of Samuel was substantially the same. (Ill. Rev. Stat. 1945, ch. 3, par. 165.) The law in force at the time of the life tenant's death provided that an adopted child was to be considered a descendant of the adoptive parents for purposes of inheritance from the adoptive parents and from their lineal or collateral kindred. Ill. Rev. Stat. 1979, ch. 110½, par. 2—4(a).

Primarily the issue is whether in construing the term "heirs," the applicable law is that which existed when Dorothy, the life tenant, died or that which was in effect when the will was executed.

A fundamental rule of will construction is that the intention of the testator will govern the distribution of the estate, and this intention is to be given effect unless to do so would violate some settled rule of law or public policy. (*Stites v. Gray* (1954), 4 Ill. 2d 510, 123 N.E.2d 483.) Insofar as possible a testator's intent is to be determined from the terms of the instrument itself, and where these terms are clear a court may not consider surrounding circumstances to vary the intention expressed. *Ford v. Newman* (1979), 77 Ill. 2d 335, 396 N.E.2d 539; *Continental Illinois National Bank & Trust Co. v. Clancy* (1959), 18 Ill. 2d 124, 163 N.E.2d 523; *Le Sourd v. Leinweber* (1952), 412 Ill. 100, 105 N.E.2d 722; *Wielert v. Larson* (1980), 84 Ill. App. 3d 151, 404 N.E.2d 1111.

The will in question on its face appears clear and certain in its provision of the remainder interest to Samuel's "right heirs" upon Dorothy's death. The issue remains as to whether the adopted child Nancy would be an "heir" contemplated in the provision of this will.

A testator is presumed to have known the law in force when the will was drafted and to have made the will in conformity with that law. (*Belfield v. Findlay* (1945), 389 Ill. 526, 60 N.E.2d 403; *Shortridge v. Sherman* (1980), 84 Ill. App. 3d 981, 406 N.E.2d 565, *cert. denied sub nom. Shartel v. Blasingham* (1981), 450 U.S. 921, 67 L. Ed. 2d 349, 101 S. Ct. 1371.) The state of the law at the time the will was drawn is one of the circumstances that can be considered in determining his intent at that time. *Belfield v. Findlay* (1945), 389 Ill.

526, 60 N.E.2d 403.

At the time the will was drawn the status of the law was such that an adopted child could not inherit from the lineal or collateral kindred of its adoptive parents. (Ill. Rev. Stat. 1931, ch. 4, par. 5.) Therefore in a will executed during this period of time any bequest to "children," "issue" or "descendants" of someone other than the testator was presumed to exclude an adopted child unless the language of the will or the circumstances which surrounded the testator clearly indicated that there was an intent to include the adopted child. *Ford v. Newman* (1979), 77 Ill. 2d 335, 396 N.E.2d 539; *Stewart v. Lafferty* (1957), 12 Ill. 2d 224, 145 N.E.2d 640.

The word "heirs" is a technical term with a fixed legal meaning and refers to those persons who would be appointed by law to inherit an estate in the case of intestacy, and when used in a will will be given this legal effect unless the testator uses inconsistent words showing a clear contrary intent, or to do so would defeat the obvious general intention of the testator. (*Stites v. Gray* (1954), 4 Ill. 2d 510, 123 N.E.2d 483; *Harris Trust & Savings Bank v. Jackson* (1952), 412 Ill. 261, 106 N.E.2d 188; *Le Sourd v. Leinweber* (1952), 412 Ill. 100, 105 N.E.2d 722.) Therefore under the prior law the term "heirs" when used in a technical sense did not include adopted persons unless the testator was the adopted parent or the testator showed a clear intent otherwise. (See Ill. Rev. Stat. 1931, ch. 4, par.5; *Wallace v. Noland* (1910), 246 Ill. 535, 92 N.E.956.) "Right heirs" is synonymous with "heirs."

If we apply the law in existence when the will was executed Nancy B. Tyler would not be included in the class of the testator's "right heirs" in the absence of a contrary intent apparent from the will. Nothing in the will so indicates. (*Ford v. Newman* (1979), 77 Ill. 2d 335, 396 N.E.2d 539; *Wielert v. Larson* (1980), 84 Ill. App. 3d 151, 404 N.E.2d 1111.) To us it appears that there was no ambiguity in the will's language. The lower court admitted parol evidence to show the family relationship of the testator to Nancy B. Tyler. While the court may consider the circumstances surrounding the testator at the time of the execution of the will if the language of the will is ambiguous (*O'Connell v. Gaffney* (1962), 23 Ill. 2d 611, 179 N.E.2d 647), where there is no ambiguity, parol evidence is inadmissible to construe the will. (*Bullis v. DuPage Trust Co.* (1979), 72 Ill. App. 3d 927, 391 N.E.2d 227.) In addition even if the evidence were admissible it was insufficient to show an intent that the testator considered her as an "heir." The fact that a person had a good relationship with the testator does not necessarily indicate an intent to include the adopted per-

son absent an expression in the will of such an intention or a clear intent to do so. *Continental Illinois National Bank & Trust Co. v. Clancy* (1959), 18 Ill. 2d 124, 163 N.E.2d 523; *Hoog v. Litchfield Bank & Trust Co.* (1953), 349 Ill. App. 444, 111 N.E.2d 182.

In order for Nancy B. Tyler to take under this will, it would be necessary for us to construe the term "heir" in accordance with the law which was applicable when the life tenant Dorothy Hughlett died in 1980. By the provisions of section 2—4(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 2—4(a)), an adopted child is declared to be the descendant of the adoptive parents for purposes of inheritance from the parents' lineal and collateral kindred. In accordance with section 2—4(e) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 2—4(e)), this declaration was for the purpose of determining property rights of a person under an instrument executed after September 1, 1955, and declared that an adoptive child is a natural child unless the contrary intention appears by the terms of the instrument. However, it further provided that that subsection did not apply in determining the taker of property under an instrument executed prior to September 1, 1955 (Ill. Rev. Stat. 1979, ch. 110½, par. 2—4(e)). It would appear that this statutory provision would foreclose the argument that the current statutory presumption should apply in the construction of the testator's will since the will was executed in 1932.

However, petitioners contend that, as long as the identity of Samuel's "right heirs" can only be determined upon the death of Dorothy in 1980, the law in effect at that time controls. We disagree.

A devise to a testator's "heirs" of a future interest will be considered to be a devise to those who would be classified as "heirs" as of the time of the testator's death, unless the testator's will or circumstances clearly manifest an intent that the class would be determined as though the testator died subsequently. This would be true even though distribution was contingent upon the termination of an intervening life tenancy. *Stewart v. Lafferty* (1957), 12 Ill. 2d 224, 145 N.E.2d 640; *Bergendahl v. Stiers* (1956), 8 Ill. 2d 257, 133 N.E.2d 280; *Le Sourd v. Leinweber* (1952), 412 Ill. 100, 105 N.E.2d 722.

Here, distribution to the class "right heirs" is dependent upon some contingent event, *i.e.*, the death of the testator's wife Dorothy. Where the distribution is dependent upon the happening of an event then the identity of those contingent remaindermen which make up the class is determined as of the date of the occurrence of the event. (*O'Connell v. Gaffney* (1962), 23 Ill. 2d 611, 179 N.E.2d 647.) Here the gift to Samuel's "right heirs" was also contingent

upon the death of the testator without children surviving. This contingency was satisfied upon his death. There remains for us the question which law determines who qualifies as a member of the class "right heirs," that in effect at the execution of the will or that in effect at the date of distribution.

The law in effect at the time the will was executed governs in determining the intention of the testator. The law in effect at the time when rights accrue controls the operative effect of the will and the rights of the parties thereunder. *Lydick v. Tate* (1942), 380 Ill. 616, 44 N.E.2d 583; *Brown v. Leadley* (1980), 81 Ill. App. 3d 504, 401 N.E.2d 599.

■ In the absence of a showing that the testator intended that subsequent law should govern, then it must be determined that there was no intent of the testator that Nancy B. Tyler be a "right heir." (*Neissl v. Hartman* (1963), 44 Ill. App. 2d 412, 196 N.E.2d 528; *Orme v. Northern Trust Co.* (1961), 29 Ill. App. 2d 75, 172 N.E.2d 413, *aff'd as modified* (1962), 25 Ill. 2d 151, 183 N.E.2d 505, *cert. denied sub nom. Von Hardenberg v. Kennedy* (1962), 371 U.S. 935, 9 L. Ed. 2d 271, 83 S. Ct. 308.) There is nothing in the will to indicate such an intention and, as we have stated heretofore, the will on its face was not ambiguous. If the testator by the use of the term "right heir" was in effect saying "now let the law take its course," we still have the status of the law as it is presently provided for; that being that section 2—4(e) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 2—4(e)) provides that the presumption in favor of adopted children inheriting from their adoptive parents' lineal and collateral kindred does not apply in construing an instrument executed before September 1, 1955.

The fact that Nancy B. Tyler was adopted in 1919 before the will was executed in and of itself would be insufficient to establish a contrary general intent. *Cf. Munie v. Gruenewald* (1919), 289 Ill. 468, 124 N.E.2d 605 (long-time association with adopted grandchild and clearly expressed conduct toward the child); *Stewart v. Lafferty* (1957), 12 Ill. 2d 224, 228, 145 N.E.2d 640.

The decisions in *In re Estate of Evans* (1975), 31 Ill. App. 3d 753, 334 N.E.2d 850, and in *Harris Trust & Savings Bank v. Jackson* (1952), 412 Ill. 2d 261, 106 N.E.2d 188, would appear to be contra. In both of these cases a widow was determined to be a lawful heir in accordance with subsequent law of intestacy in effect at the date of distribution. We deem it appropriate to state that the scope of *In re Estate of Evans* and *Harris Trust & Savings Bank v. Jackson* is limited to their particular factual situations and statutory interpretations. It

has been noted that because no two wills are exactly alike, precedence in other will cases is not of compelling importance. (*Barnhart v. Barnhart* (1953), 415 Ill. 303, 313, 114 N.E.2d 378.) Further, we feel that there is no question as to the legislative intent that section 2—4(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 2—4(a)) be applied prospectively and not retroactively. (*Orme v. Northern Trust Co.* (1961), 29 Ill. App. 2d 75, 172 N.E.2d 413, *aff'd as modified* (1962), 25 Ill. 2d 151, 183 N.E.2d 505, *cert. denied sub nom. Von Hardenberg v. Kennedy* (1962), 371 U.S. 935, 9 L. Ed. 2d 271, 83 S. Ct. 308.) It is our ruling that the qualifications of the membership of the class "right heirs" must be determined in accordance with the law in effect at the time of the execution of the will. The law in effect at that time did not contemplate that Nancy B. Tyler would be a member of that class.

The judgment of the circuit court of Jo Daviess County is reversed and the cause is remanded with directions to enter a judgment in accordance with this opinion.

Reversed and remanded with directions.

UNVERZAGT and REINHARD, JJ., concur.