OPINION OF THE COURT
Renee R. Roth, S.
This is a proceeding to construe the term "natural children” as used in the will of Gertrude R. Paats, who died in 1942. The trust established under her will terminated on March 18, 1991 with the death of her nephew, V. Henry Rothschild.
*554 Ms. Paats provided that upon the death of the last surviving life income beneficiary: "my trustees are directed to transfer the whole of such property and unpaid income to the natural children born of his marriage of the said V. Henry Rothschild, or should he die leaving no surviving children, then to my sisters” (emphasis added).
Mr. Rothschild had three children: two biological children and one child adopted after the death of the decedent. The adopted son, Cameron Adams Hatfield, died in 1982 survived by four children.
The laws of New York (presently EPTL 2-1.3 and Domestic Relations Law § 117) reflect the State’s policy of treating adopted children in the same manner as biological children unless a contrary intent is found in the governing instrument. It is noted parenthetically that the limitation on inheritance rights known as the "precautionary addendum”, which can sometimes prevent adopted children from inheriting if the rights of remaindermen would be defeated, is not a concern here. It was repealed prospectively as to wills of testators dying on or after March 1, 1964 (former Decedent Estate Law § 49, now EPTL 2-1.3) and has been held to be inapplicable to earlier instruments like this which involve only simple class dispositions (Matter of Park, 15 NY2d 413).
It is now established that if the will is silent as to adopted children (Matter of Gardiner, 69 NY2d 66) or if the terms used to identify beneficiaries are deemed to be generic, no intent to exclude adopted children will be found (see, Matter of Aldrich, 74 Misc 2d 467 [in which "heirs of my body” was determined to be among such nonexclusionary generic terms]). The issue here is whether testatrix expressed an intention to exclude adopted children when she disposed of the remainder interest "to the natural children born of his [V. Henry Rothschild’s] marriage”.
There appears to be no decision in this State construing the term "natural children” but two Illinois courts concluded that testator’s use of the term "natural heirs” was intended to exclude adopted children (Hoog v Litchfield Bank & Trust Co., 349 Ill App 444, 111 NE2d 182; Tea v Millen, 257 Ill 624, 101 NE 209). The word "natural” is sometimes used in our statutes and decisions to distinguish between biological and adopted children. For example, Domestic Relations Law § 117 (1) (f) provides that: "[t]he right of inheritance of an adoptive child extends to the distributees of such child and such *555 distributees shall be the same as if he were the natural child of the adoptive parent” (emphasis added).
There are many instances of similar use of the phrase in our decisional law. The Court of Appeals, for example, used the word "natural” to distinguish biological children from adopted children in Matter of Park (supra) as well as in Matter of Snowden (31 NY2d 322).
If the words in Ms. Paats’ will are to be given their plain and ordinary meaning (Matter of Gustafson, 74 NY2d 448; Matter of Bellows, 103 AD2d 594, affd 65 NY2d 906), it is clear that testatrix intended to exclude adopted children when she limited her bequest to "natural children born of his marriage”. Even the most liberal reader could not reach any other logical conclusion.
Furthermore it is noted that, even if the court were to read the language in question broadly to include adopted children, distribution was directed to "surviving children” and the adopted child failed to survive the trust term. When, as in the instant case, there is no indication that the term "children” was intended to include grandchildren, that term is given its literal meaning (Matter of Villalonga, 6 NY2d 477; Matter of Schaufele, 252 NY 65).