(No. 25734.

Isaac Cravens *et al.* Appellants, *vs.* Ora J. Hubble *et al.* Appellees.

*Opinion filed December 12, 1940.*

Clyde L. Todd, (Lee D. Mathias, of counsel,) for appellants.

Smith & McCollum, and Virgil W. Mills, (Clarence Umfleet, C. Deneen Matthews, and Carroll V. Mills, of counsel,) for appellees.

Mr. Chief Justice Gunn delivered the opinion of the court:

Appellants Isaac Cravens and Margaret A. Cravens filed their suit in equity in the circuit court of Wayne county to have a warranty deed executed by them conveying 80 acres of land to Ora J. Hubble reformed by inserting therein a provision that it was subject to an oil and gas royalty interest in favor of appellants. Grantees of Hubble, and owners of various oil royalty interests acquiring title subsequent to the time appellants executed the deed, are also parties. Appellants claim they did not intend to convey the oil and gas

interests in the land, but the deed of conveyance shows a fee simple conveyance of the entire tract without reservations. An oil and gas lease which remains in force as long as oil and gas are produced, involves a freehold (*Ohio Oil Co.* v. *Daughetee,* 240 Ill. 361) which gives this court jurisdiction on a direct appeal.

The case was tried before the chancellor, and upon conclusion of the taking of testimony appellants' complaint was dismissed for want of equity. The evidence shows that in March, 1937, appellants were the owners of 120 acres of land for which they paid a total consideration of $750. In the latter part of March, 1937, Hubble agreed to pay Cravens $400 for the 80 acres, which the latter accepted and was paid $50 on account. There was at the time an oil and gas lease upon the premises, executed by appellants, reserving a royalty and also $3 per acre yearly rental for delay in drilling, and Cravens agreed to accept the $24 coming as rental as part of the $400. At the direction of Hubble, Cravens went to the local abstracter who prepared and took the acknowledgment of a warranty deed for the premises. Cravens brought the deed back to Hubble, who read it aloud to him, and paid him the balance of the consideration in cash.

The contention of appellant Isaac Cravens is that it was fraudulently represented to him that it was not necessary to have the exception contained in the deed to enable him to retain the oil royalty interest. After title was acquired by Hubble he conveyed it to C. O. Ray, and Ray collected grain rents from Cravens for two years. After Ray acquired the land he sold certain mineral rights to other parties living in Belleville, who are appellees in this suit. There is evidence in the record that the appellant several times stated to other people that he had not retained any royalty in the land, and that he said, when he made a deal, "I let her go clear, lock, stock and barrel," and "didn't want to bother with it because I didn't think there was anything there."

In June, 1938, Cravens wrote Ray that there was a derrick going up on the land south of him, close to his line, and that he was liable to have one next, and advised Ray to come down and see about it.

The back taxes, general and special, covering the entire freehold interest, were paid by the grantees. The 40 acres of the land retained by appellant contained the improvements. The only question involved in this case is whether the evidence is sufficient to sustain the complaint. Where reformation or cancellation of an instrument is claimed because of fraud, the evidence must be so clear and convincing that the mind is satisfied that the charge is true. (*Jaworski* v. *Sujewicz*, 334 Ill. 19; *Schiavone* v. *Ashton*, 332 id. 484; *Bundeson* v. *Lewis*, 368 id. 623.) The evidence in this case falls far short of this. Not only are the facts relating to the making of the deed disputed, but the evidence shows that appellant admitted he had not reserved any royalty, and had never made any claim until oil was discovered in the locality. The fact that he accepted $24 rental on the lease as payment of so much of the agreed consideration for the deed indicates that he regarded the money coming from the lease as belonging to the purchaser. The weight of testimony is for the trial court, and a court of review will not reverse the findings of the chancellor unless, from all of the evidence, it is clear that manifest error has been committed. (*Keating* v. *Frint*, 291 Ill. 423; *Whitmore* v. *Whitmore*, 243 id. 540; *Flynn* v. *Troesch*, 373 id. 275.) Not only do we believe that there was no error in the trial court's conclusion, but in view of all of the evidence we do not see how any other result could have been reached. The other errors assigned have been considered but they do not affect the result.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE FARTHING took no part in this decision.