(No. 31178

Gussie Mohrbacher, Conservatrix, Appellee, *vs.* Howard Dunlap *et al.;* Appellants.

*Opinion filed January 18, 1950.*

H. L. Brody, and Philip A. Shapiro, both of Chicago, for appellants.

Edward D. Feinberg, of Chicago, (Robert M. Rogoff, of counsel,) for appellee.

Mr. Justice Gunn delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook County, setting aside a deed made on March 24, 1943, by Emil Grube, before the appointment of a conservator, to the defendant Howard Dunlap. The suit is brought by Gussie Mohrbacher, conservatrix of the estate of Emil Grube, who was appointed April 21, 1947.

The complaint charges that the defendant Dunlap paid no consideration, that the ward did not have knowledge of what he was doing, that the deed was made through coercion, and that on the date of the making of the deed he was so mentally incompetent that he had no conception or knowledge of what the deed or the transaction meant. The answer denied all of the allegations of the complaint. The cause was referred to a master in chancery who made first a preliminary report that a *prima face* case had been proved, and, upon re-reference and a hearing of all of the testimony in the case, recommended that the deed be set aside because of the incompetency of the said ward.

The property involved is real estate improved with a house, in which the ward and defendants lived for several years. The ward worked for the Chicago Surface Lines for twenty-three years as a trolley tender on a supply car. Emil Grube acquired the property from his father. The evidence shows beyond much question that Emil Grube was a man of low intellect and in fact stupid. He had served in the first World War, and his medical history showed

in 1942 and 1943 that he had the I.Q. of a six- or seven-year-old child. The family doctor who had been acquainted with the family for over thirty years testified that he had always been stupid; that he was mentally incompetent; that he did not know anything; that he had not gone beyond the third grade in school, and that "the family history is not so hot; that they are all not so bright, that is for sure," and that he was incapable of understanding a legal document.

The psychiatrist from the Cook County Psychiatric Hospital testified that he had an I.Q. of 40, and qualified as an intellectual imbecile, and that the medical meaning of an I.Q. of 40 at the age of fifty meant that the individual never had matured mentally or intellectually enough to qualify him with the I.Q. of 80 or 90, which is low enough for a man of that age, and which means that the man is mentally deficient.

Other lay witnesses testified to facts which would justify a master in finding mental incompetence. On the other hand, the witnesses for the defendants testified he was in the habit of doing business, and that he knew what he was doing, and, if they were to be believed, Grube was capable of understanding what he was doing. It is to be noted, however, that the superintendent of the car plant, under whose supervision he worked, testified Grube was of the backward type, and not bright; that he could never promote him; that you gave him an order and after walking ten feet he would forget most of it; and that he was of the opinion that it would be impossible for him to understand the nature of the transaction of making a deed. Under the circumstances, we are unable to say that the finding of either the chancellor or the master was clearly and manifestly contrary to the weight of the evidence. *Cravens* v. *Hubble,* 375 Ill. 51; *Chance* v. *Kimbrell,* 376 Ill. 615; *Lewis* v. *McCreedy,* 378 Ill. 264.

There are, however, some facts appearing in the record upon which the master has failed to make a report. It is claimed that defendant Dunlap expended considerable money on behalf of his uncle, the ward, in making improvements upon the property, and that a mortgage on the premises was discharged by him, and some permanent improvements and repairs made of a durable nature. There was no finding in the report or decree that there was any fraud, and the master recommended that the costs be equally assessed against the plaintiff and defendants. The report of the master was approved by the court indicating the chancellor followed the recommendation of the master with respect to the costs, since there was no judgment for costs in the decree.

Under circumstances such as these, even though the deed may be properly set aside, an accounting should be had to determine to what extent the defendants should be reimbursed for the permanent improvements placed upon the property and for discharging the mortgage upon it. We have held in a recent case that such relief may be properly ordered in this court. (*Zarembski* v. *Zarembski,* 382 Ill. 622.) The principle is one that has been frequently applied by courts of equity. *Lagger* v. *Mutual Union Loan and Building Ass'n,* 146 Ill. 283; Pomeroy Eq. Juris., 3rd ed. sec. 1241.

After a careful examination of the record in this case, as well as the briefs of counsel, we are of the opinion that no error was committed by the trial court in setting the deed aside and in ordering a reconveyance of the property. We are of the opinion, however, that the circumstances fail to show any premeditated fraud upon the part of defendants, and that if Howard Dunlap placed lasting and permanent improvements upon the premises and discharged any indebtedness which was a lien against the premises, he should be reimbursed, less any proper and reasonable charge for

the use of the premises, which should be ascertained by an accounting between the parties.

The decree of the superior court of Cook County is accordingly affirmed in all respects except as to an accounting between the parties, and the cause is remanded to the superior court for the purpose of making such an accounting. The costs in this court are to be charged equally to both parties.

*Affirmed in part and reversed in part and remanded.*