In the Matter of the Estate of Georgine A. Lynch, Deceased.

Gen. No. 65–53.

Second District.

December 3, 1965.

Rehearing denied January 6, 1966.

Marshall Patner, of Chicago, Ross & Stern, of Deerfield, for appellant.

O'Keefe, O'Brien, Hanson, Ashenden & Hartenfeld, of Chicago, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from an order entered April 1, 1965, in the Circuit Court of the 19th Judicial Circuit, Lake County, Probate Division, construing the will of Georgine A. Lynch, deceased. The construction question was raised in a citation proceeding by the administrator de bonis non with the will annexed (herein called the administrator) against the National Boulevard Bank of Chicago (herein called the Bank) as Executor and Trustee under the will of William Maehler, the former executor of the will of Georgine A. Lynch, deceased, to recover the residuary assets of the estate.

The will in question contained the customary introductory clause, followed by Item I which provided:

"I hereby nominate, constitute and appoint my brother, William Maehler of Kenmore Avenue, Chicago, Illinois, the Executor of this my Last Will and Testament and for the purpose of converting my real estate into money I authorize and empower my said Executor to sell the same."

Items II and III contained the testator's request that her executor serve without bond, and directed the payment of her debts and funeral expenses. Item IV set forth specific bequests to her four brothers, to numerous friends and to her step-daughter, and then further provided:

"I give, devise and bequeath all the rest and residue of my property, real, personal and mixed, of which I may die seized or possessed, to my brother, William Maehler, for him to distribute amongst the other heirs or retain as he in his own best judgment may decide.

"Should my brother, William Maehler, predecease me, or be dead at the time or before my estate is settled, I nominate and appoint my brother, Richard Maehler, my Executor with the same powers as herein given the Executor including the distribution of the residue."

Georgine A. Lynch died testate on September 3, 1960, a resident of Lake County, Illinois, leaving her four brothers as her only heirs. Her will was admitted to probate December 16, 1960, and letters testamentary issued to her brother, William Maehler, on that date. He published for claims, and filed an inventory of the estate property. The claim period expired August 16, 1961, and thereafter he paid all claims against the estate. In the due course of administration of the estate, he filed income, inheritance and estate tax returns and paid the taxes assessed on such returns; paid to the proper

recipient, a specific legacy of $500, as provided for under the terms of the will; and caused the specific bequests in kind, provided for in the will, to be delivered to the persons named therein.

In November 1963, he initiated the transfer of the corporate stocks, which constituted the residue of the estate, from himself as executor, to himself individually, as authorized under the residuary clause of the will. This transfer was completed in December 1963. Thereafter, on February 24, 1964, William Maehler died; his will was admitted to probate and the Bank was appointed executor and trustee of his estate.

It was the theory of the appellee, and the trial court held, that the estate was "settled" as that term was used in the will; that consequently, pursuant to the terms of the Georgine A. Lynch will, William Maehler was individually entitled to the residuary assets of her estate, which were transferred to him; that such assets were a part of his personal estate; and that the relief prayed for in the petition for citation should be denied.

The appellant-administrator contended in the trial court, and urges on appeal, that the executor was not given a gift in his own name and that he had no power to distribute the residuary assets prior to the fulfillment of the condition in the will that the "estate is settled"; and that these residuary assets should be returned to the Georgine A. Lynch estate. The administrator argues that there was no gift to William Maehler in that he died before the estate was settled and that the will specified the settlement of the estate as a condition precedent to distribution of its residuary assets.

■ Item I of the will nominated and appointed William Maehler as executor and gave him the power to sell the testator's real estate for the purpose of converting it into money. The last paragraph of Item IV, which reads:

165

"Should my brother, William Maehler, predecease me, or be dead at the time or before my estate is settled, I nominate and appoint my brother, Richard Maehler, my executor with the same powers as herein given the Executor including the distribution of the residue.",

merely complements the appointment of William Maehler as executor, as contained in Item I. In so doing, it nominates and appoints Richard Maehler as successor executor, "Should my brother, William Maehler, predecease me, or be dead at the time or before my estate is settled," and it gives unto him, Richard Maehler, "the same powers as herein given the Executor including the distribution of the residue." When the two clauses of the will pertaining to the appointment of an executor and successor executor are considered together, the clause, "Should my brother, William Maehler, predecease me, or be dead at the time or before my estate is settled," relates only to the appointment of a successor executor and not to the distribution of the residuary estate. Therefore, it does not prescribe as a condition precedent to distribution under the residuary clause, that the estate be settled at the time of such distribution.

■■ It is the duty of courts to construe wills as they find them and they should not, under the guise of construction, change the provisions of wills or draft new ones. The cardinal rule of testamentary construction is to ascertain the intention of the testator from the terms of the will itself and to give effect to this intention, unless contrary to some established rule or public policy. Weber v. Hawkins, 30 Ill2d 278, 283, 196 NE2d 695 (1964) ; Hoge v. Hoge, 17 Ill2d 209, 212, 161 NE2d 117 (1959).

■■ In Hoge, at page 212, the court in considering the question of the testator's intention, stated:

"That intention is determined in two ways: One way is by ascertaining the actual meaning from the words employed in the will, to which all rules of construction give way, and the other by finding the presumed intention, gathered by the application of rules of construction, which rules apply in cases where the meaning of the will is obscure, doubtful or uncertain. (Freudenstein v. Braden, 397 Ill 29.) The intent which controls is that which is manifest, either expressly or by necessary implication, from the language of the will itself. The whole will and all of its parts must be considered in order to ascertain that intention. Where the language of the will is clear, the courts will not consider surrounding circumstances for the purpose of varying an intention clearly expressed in the will. Le Sourd v. Leinweber, 412 Ill 100."

It is obvious that William Maehler retained for himself, individually, the residuary assets of the estate. He caused them to be transferred of record from himself as executor, to himself individually. However, before so doing, he paid all debts, claims, taxes and legacies due under the will, and delivered to the respective persons entitled thereto, the specific property bequeathed to them. He then, as executor, pursuant to the unambiguous language of the residuary clause of the will which gave and devised the residuary estate to him, as executor, "to distribute amongst the other heirs or retain as he in his own best judgment may decide," distributed said residue to himself individually and thereby retained it for his own use, as authorized to do under this clause of the will. Thus, in the case at bar, there is no necessity to construe the will other than according to the actual meaning of the words employed in the will itself in its related parts.

■ In determining the meaning of the particular parts of a will, the whole will must be considered and every provision given due weight, having regard to substance rather than form. Strauss v. Strauss, 363 Ill 442, 447, 2 NE2d 699 (1936); In re Estate of Betts, 2 Ill App2d 453, 460, 119 NE2d 801 (3rd Dist 1954).

When the intention of Georgine A. Lynch is determined by ascertaining the actual meaning of the words employed by her in the will itself, in its related parts, such intent becomes abundantly clear without the labored effort of seeking her presumed intent by the application of rules of construction.

Counsel for appellant and appellee have both cited cases from this and other jurisdictions which pertain to the settlement of an estate as related to the distribution of the residuary assets thereof, but under the rationale of our decision, such cases are not in point.

■ Neither does this decision adopt the theory and reasons of the trial court for reaching its judgment. However, the ultimate decision on review here is not whether the trial court assigned proper reasons for its decision; but rather, the correctness of its judgment. An appellate court will not reverse an order or decree, which correctly pronounces the judgment of the law upon the facts, because an improper reason is given for the conclusion. A correct judgment of the trial court will be affirmed even though it is based on improper reasons. Rosehill Cemetery Co. v. Chicago, 352 Ill 11, 33, 185 NE 170 (1933); 5 Am Jur2d (Appeal and Error), Section 727, p 170.

Accordingly, the order of the trial court appealed from herein, is affirmed.

Order affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.