*In re* ESTATE OF LORETTA K. RETTIG, Deceased.—(THE NORTHERN TRUST COMPANY, Ex'r under the Last Will and Testament of Loretta K. Rettig, Petitioner-Appellee, *v.* PATRICIA G. DEMPSEY *et al.*, Respondents-Appellants—(JUNE A. RETTIG, Respondent-Appellee).)

First District (3rd Division)    No. 79-2351

Opinion filed September 23, 1981.

Edward V. Donovan, Jr. and James L. McManus, both of Henehan, Donovan & Isaacson, Ltd., of Chicago, for appellants.

Joseph B. Crowley and Angelika Kuehn, both of Boodell, Sears, Sugrue, Giambalvo & Crowley, of Chicago, for appellees.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

The Northern Trust Company, executor of the estate of Loretta K. Rettig, deceased, filed a petition for construction of Rettig's will. In the petition, the executor asked the court to determine the recipient of certain jewelry under the will. The three daughters of the testatrix, June Adele Rettig, Colleen A. Campbell and Patricia G. Dempsey, were named as respondents. Respondents Campbell and Dempsey filed a counterclaim against the executor and June Rettig. The executor moved for judgment on the pleadings pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45(5)). The trial court entered judgment on the pleadings, ordering that all jewelry of the testatrix subject to probate be transferred to respondent June Rettig. The court also dismissed the counterclaim of Campbell and Dempsey with prejudice. We affirm in part, reverse in part and remand.

The first sentence of article III of the testatrix's will provides:

"I give and bequeath all my personal and household furnishings, automobiles and collections, and any insurance policies thereto to my daughter, JUNE ADELE RETTIG, provided she survives my death by a period of ninety (90) days."

Article III further bequeathed one-half of the residuary estate to June Rettig. The remainder of the residuary estate, or all of the residuary estate in the event that June Rettig did not survive the testatrix for a period of 90 days, was bequeathed in equal shares to Campbell and Dempsey.

In the petition for construction of the will, the executor alleged that the testatrix informed the attorney who prepared her will that she intended to give all of her personal effects, including jewelry and household furnishings, automobiles and collections, and any insurance policies thereon to June Rettig provided that she survived the testatrix by 90 days. The executor further alleged that the testatrix' attorney instructed his secretary to have the will provide that all personal *effects* and household furnishings, automobiles, and collections and insurance thereon were to be given to June Rettig, but that because of a typographical error, mistake or inadvertence, his secretary omitted the word "effects" following the word "personal" in article III. In the alternative, the executor stated that the adjectives "personal" and "household" both describe furnishings, and therefore, the absence of the word "effects" is of no legal significance. Thus, the executor requested that the court determine whether the testatrix' jewelry should be transferred to June Rettig under the first sentence of article III or whether it should be distributed as part of the residuary estate. The executor asked the court to find that the testatrix intended to give all of her personal effects, including her jewelry, to June Rettig.

The three respondents filed answers to the petition. Respondents Campbell and Dempsey also filed a counterclaim in which they alleged that the estate of the testatrix contained more articles of jewelry than had been listed in the executor's petition. They asked the court to find that all of the testatrix' jewelry should be distributed as part of her residuary estate. Respondent June Rettig filed a motion to dismiss the counterclaim, stating that a counterclaim is not an appropriate pleading in a supplemental proceeding to construe a will. She also stated that some of the jewelry listed in the counterclaim was the subject of a citation to discover assets which was pending at the time.

The trial court ruled that the first sentence of article III is unambiguous and interpreted it to mean that all jwelery of the testatrix which is subject to probate should pass to June Rettig and that respondents Campbell and Dempsey should have no interest in that jewelry. The trial court also dismissed the counterclaim filed by respondents Campbell and Dempsey with prejudice.

Campbell and Dempsey contend that in view of the fact that the trial court found the will to be unambiguous, the court lacked jurisdiction to construe the will. They also argue that the court improperly construed the will contrary to the plain meaning of the language used. The executor responds that the court properly construed the will to be unambiguous and properly found that the bequest of personal furnishings to June Rettig includes the testatrix' jewelry.

■■ The primary goal in construing a will is to determine the intention of the testatrix. (*Weber v. Hawkins* (1964), 30 Ill. 2d 278, 283, 196 N.E.2d 695, 698; *Whitmore v. Starks* (1959), 17 Ill. 2d 202, 206, 161 N.E.2d 254, 257; *In re Estate of Hayden* (1974), 23 Ill. App. 3d 242, 244, 318 N.E.2d 668, 670.) Generally, the court is to ascertain the intention of the testatrix from the will itself. (*Weber*, 30 Ill. 2d 278, 283, 196 N.E.2d 695, 698; *Breckheimer v. Kraft* (1971), 133 Ill. App. 2d 410, 413, 273 N.E.2d 468, 470.) However, if some ambiguity, uncertainty or doubt exists, extrinsic evidence may be introduced to aid the court in determining the intent of the testatrix at the time of the execution of the will. The court may consider the circumstances surrounding the testatrix when the will was made so that the court may place itself in the position of the testatrix. *Weber*, 30 Ill. 2d 278, 284, 196 N.E.2d 695, 698; *Davidson v. Davidson* (1954), 2 Ill. 2d 197, 200, 117 N.E.2d 769, 771-72; *Wielert v. Larson* (1980), 84 Ill. App. 3d 151, 156, 404 N.E.2d 1111, 1115.

■■ In the present case, the will is ambiguous. Based on the language of the will, there is doubt as to whether the testatrix intended to include jewelry in her bequest to June or whether she intended to have her jewelry distributed under the residuary clause. Therefore, the court had jurisdiction to construe the will. A court has jurisdiction to hear and

determine a petition to construe a will where there is doubt or uncertainty as to the rights and interests of the parties arising under the will. (*Jusko v. Grigas* (1962), 26 Ill. 2d 92, 96, 186 N.E.2d 34, 37; *Peck v. Drennan* (1951), 411 Ill. 31, 36, 103 N.E.2d 63, 66.) Here, we believe that the proper procedure would have been for the trial court to hear extrinsic evidence regarding the circumstances surrounding the testatrix at the time she executed the will. After hearing the evidence, the trial court could have properly determined to whom the testatrix intended to give her jewelry.

■■ A motion for judgment on the pleadings may be allowed only when the trial court is able to determine the rights of the parties from the pleadings alone. (*Johnson v. City of Evanston* (1976), 39 Ill. App. 3d 419, 423, 350 N.E.2d 70, 74; *Department of Mental Health v. Kendall* (1973), 15 Ill. App. 3d 881, 887, 305 N.E.2d 389, 393.) Since we conclude that the trial court could not have determined the rights of the parties as to the jewelry from the pleadings alone, entry of judgment on the pleadings was improper.

■■ In the conclusion of the brief filed by Campbell and Dempsey, they request that the order of the trial court dismissing their counterclaim be reversed. However, Campbell and Dempsey did not make any argument in their brief as to why this order was improper, and therefore, the issue is waived. Ill. Rev. Stat. 1979, ch. 110A, par. 341(e)(7).

Accordingly, the order of the trial court entering judgment on the pleadings and directing that all jewelry of the testatrix subject to probate pass to June Rettig is reversed, and the case is remanded for a hearing in accordance with what is stated herein. The order of the trial court dismissing the counterclaim of Campbell and Dempsey is affirmed.

Affirmed in part, reversed in part and remanded.

McNAMARA and WHITE, JJ., concur.